```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/06/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BOISEY CALDWELL, :
:
                                  Plaintiff, :      17-CV-7808 (JMF)
:
           -v- :      MEMORANDUM OPINION
:      AND ORDER
THE CITY OF NEW YORK, et al., :
:
                                  Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Boisey Caldwell, proceeding *pro se* and *in forma pauperis*, brings claims against the City of New York (the "City") and New York City Police Officer Mdim Rahaman. (*See* Docket No. 7 ("Am. Compl.")).[1] Caldwell's claims are somewhat inscrutable, as his 61-page Amended Complaint consists of independent and unrelated documents, including various letters. Many of the documents reference *Stinson v. City of New York*, No. 10-CV-4228 (RWS) (S.D.N.Y.), a civil rights class action that culminated in a $75 million settlement; Caldwell was a member of the plaintiff class in that case. As best the Court can tell, Caldwell's claims here arise from, and relate to, three summonses that he received — on April 6, 2014, August 22, 2014, and January 12, 2016, respectively — as the Amended Complaint includes three certificates of disposition pertaining to those summonses. (Amended Compl. 59-61). More specifically, he seems to raise claims for false arrest and malicious prosecution. (*See id.* 6, 57, 59, 61). The City

---

[1] Caldwell named or names various other defendants, including Charles Castaldo, an attorney in the Office of the New York City Comptroller; a "Court Officer #6959"; Jin Wu, a Legal Aid Society attorney; and Judge Vincent Quattrochi of the New York City Criminal Court. (Docket No. 2). The Court previously dismissed Caldwell's claims against Castaldo, Wu, and Judge Quattrochi. (Docket Nos. 5, 8). Caldwell has not served any other named defendants.

and Officer Rahaman now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Caldwell's claims. (Docket No. 21).² Substantially for the reasons stated in their memorandum of law (Docket No. 24), that motion is GRANTED.

First, even construed liberally, Caldwell's Amended Complaint does not come close to stating "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At most, the rambling Amended Complaint contains nothing more than "unadorned, the defendant-unlawfully-harmed me accusation[s]," *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), to the effect that Caldwell "had come to court because of the false charges . . . posed by Officer Rahaman," (Am. Compl. 57). That is not enough to "nudge[] [Caldwell's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Second, and in any event, Defendants identify various independent grounds for dismissal of Caldwell's claims. For instance: any false arrest allegations stemming from the 2014 summonses are time barred, *see Lynch v. Suffolk Cty. Police Dep't, Inc.*, 348 Fed. App'x 672, 674 (2d Cir. 2009) (noting that "[t]he statute of limitations for a [Section] 1983 action arising in New York is three years"); Caldwell does not allege any deprivation of liberty, a necessary element of any malicious prosecution claim, *see Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000); Caldwell fails to plead sufficient facts to state a claim for municipal liability, *see City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (holding that a plaintiff must demonstrate "a direct causal

---

² After Defendants filed their motion, the Court received a letter dated March 15, 2018 from Caldwell. (Docket No. 26). As the letter was not styled as an opposition to the motion, the Court issued an order directing Caldwell to show cause why Defendants' motion should not be deemed unopposed. (Docket No. 27). Caldwell responded with an April 26, 2018 letter (Docket No. 28 ("Opp'n")) that the Court deemed to be his opposition. (*See* Docket No. 29). Since that time, Caldwell has submitted several more letters. (Docket Nos. 32-36). Like his "opposition," they are hard to follow and contain much irrelevant material. Nevertheless, the Court has considered all of them in deciding the present motion.

link between a municipal policy or custom and the alleged constitutional deprivation"); *see also* *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-95 (1978); and any claims relating to the 2016 summons are barred by the terms of the *Stinson* settlement, (*see* No. 10-CV-4228 (RWS), Docket No. 319-1, § 4.1; *see also id.*, Docket No. 343). For all of these reasons, Caldwell's claims must be and are dismissed as to all Defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to terminate Docket No. 21, to close the case, and to mail a copy of this Memorandum Opinion and Order to Caldwell.

SO ORDERED.

Dated: September 6, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3